Duane J. Brescia
Stephen A. Roberts
**CLARK HILL, PLC**
720 Brazos, Suite 700
Austin, TX 78701
(512) 499-3647 (direct)
dbrescia@clarkhill.com
sroberts@clarkhill.com

Christopher R. Ward
Phil W. Pemberton
Audrey L. Hornisher
**CLARK HILL, PLC**
901 Main Street, Suite 6000
Dallas, TX 75202
(214) 651-2056 (direct)
cward@clarkhill.com
ppemberton@clarkhill.com
ahornisher@clarkhill.com

**COUNSEL FOR MARKEL
INSURANCE COMPANY**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Lauren Engineers & Constructors, Inc.** | § | **Case No. 21-10051 rlj7** |
| | § | **Chapter 7** |
| **Debtor.** | § | |
| **Markel Insurance Company,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Adv. No. 21-01001-rlj** |
| **Origin Bancorp, Inc.,** | § | |
| **Defendant.** | § | |

**MARKEL INSURANCE COMPANY'S MOTION TO WITHDRAW THE REFERENCE
UNDER 28 U.S.C. § 157(d), FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011
AND LOCAL BANKRUPTCY RULE 5011-1**

Markel Insurance Company, creditor in the above styled bankruptcy proceeding ("**Markel**"), hereby moves the District Court for the Northern District of Texas pursuant to § 157(d) of Title 28 of the United States Code, Federal Rule of Bankruptcy Procedure 5011 and Local Bankruptcy Rule 5011-1 for entry of an order withdrawing the reference to the United States Bankruptcy Court for the Northern District of Texas of *Markel Insurance Company v. Origin Bancorp, Inc.* (the "**Motion**"). In support of the Motion, Markel states the following:

## I. JURISDICTION AND VENUE

1.   The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334(b) and 157, and Miscellaneous Order No. 33 from the United States District Court for the Northern District of Texas (the "**District Court**") dated June 27, 1984. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.   The statutory and legal predicates for the relief requested herein are §§ 157(d) of the Bankruptcy Code, Bankruptcy Rule 5011 and Local Bankruptcy Rule 5011-1.

## II. FACTUAL BACKGROUND

3.   Lauren Engineers and Constructors, Inc. (the "**Debtor**") was an engineering firm specializing in designing and constructing specialized facilities in the chemicals and polymer, power, oil and has, and refining industries. In these industries, a typical condition for the type of work that the Debtor performed was to require the Debtor to obtain surety bonds to protect against loss if the Debtor failed to adequately perform pursuant to the contracts. Markel was one of the sureties to issue bonds on certain projects, as discussed below.

4.   On June 19, 2018, prior to executing the Bonds (defined below), the Debtor along with others (collectively, the "**Indemnitors**"), executed a General Agreement of Indemnity (the "**Indemnity Agreement**") granting certain rights to Markel and establishing that all contract funds

on bonded contracts are trust funds (the "**Trust Funds**"). Specifically, § 24 of the Indemnity

Agreement (the "**Trust Provision**") provides that:

> Indemnitor declares that all monies due and to become due under any contract or contracts covered by Bonds issued by [Markel] are trust funds, whether in the possession of the Indemnitors or otherwise, for the benefit of and for payment of all obligations for which [Markel] would be liable under any of said Bonds. Said trust also inures to the benefit of [Markel] for any liability or loss it may have or sustain under any of said Bonds, and this Agreement shall constitute notice of such trust.

5. The Trust Provision identified Markel as the beneficiary of all funds subject to the Trust

Provision that the Indemnitors were the trustees, and that the trust was composed of any funds that

were due or to become due on any project bonded by Markel—i.e. the Trust Funds. The Trust

Provision also memorialized Markel's and the Debtor's intent that the Trust Funds were for the

benefit of Markel to ensure Markel suffered no loss—an essential component of longstanding

surety law and a key provision in the Indemnity Agreement.

6. In 2019, at the request of the Indemnitors, Markel issued surety bonds on behalf of the

Debtor. Specifically, Markel issued payment bonds and performance bonds (the "**Bonds**") naming

the Debtor as principal on the following construction projects (the "**Projects**"):

| | |
|---|---|
| Bond No.: | 4421055 |
| Obligee: | Siemens Energy, Inc. |
| Project: | US 85 Los Alamos National Laboratory (LANL) Phase 1 Steam Plant Replacement Project Purchase Order No. 500802091 |

| | |
|---|---|
| Bond No.: | 421088 |
| Obligee: | Solairedirect USA Incorporated |
| Project: | 285MWp Solar Facility located near Lamesa Town, Texas in Borden County, Texas |

7. In 2020, the Debtor began experiencing short-term financial difficulties, in part, due to the

death of the Debtor's president and CEO. Due to the financial difficulties, the Debtor considered

selling the company and winding down its operations. During this time, the Debtor engaged in

discussions with Origin, with whom the Debtor maintained its banking relationship, about the

Debtor's short-term financial difficulties and its strategy for the sale of the company. Origin requested that the Debtor provide ongoing detailed reporting of anticipated receivables from the bonded and unbonded projects that the Debtor was completing, which the Debtor subsequently supplied. With this information, Origin had the ability to ascertain the timing and location of the receivables, including those earmarked as Trust Funds.

8. Origin subsequently swept the Debtor's accounts seizing all of the funds contained therein, which included $1,383,156.54 in Trust Funds. Markel demanded that Origin return to Markel the Trust Funds, but despite its knowledge of the trust character of the funds, Origin refused and continues to refuse to return the Trust Funds.

9. On April 8, 2021, the Debtor filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

10. On April 23, 2021, Markel filed a Texas state court lawsuit against Origin styled *Markel Insurance Company v. Origin Bancorp, Inc.*, Cause No. 12416-D in the Texas District Court of Taylor County – 350th Judicial District (the "**Lawsuit**"). In the Lawsuit, Markel asserts claims against Origin for conversion, money had and received, and unjust enrichment and seeks declaratory judgment regarding the improper seizure and retention of the Trust Funds to which Markel is the legal and equitable owner. In responding to Markel's claims, Origin asserts it had the right to sweep the funds from the Debtor pursuant to a defaulted loan agreement.

11. Thereafter, Origin removed the Lawsuit from the State Court to the District Court. The case was referred to the Bankruptcy Court pursuant to the Miscellaneous Order No. 33.

### III. RELIEF REQUESTED

12. By this Motion, Markel seeks entry of an order, pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011 and Local Bankruptcy Rule 5011-1, withdrawing the reference of the Lawsuit to the Bankruptcy Court.

## IV. BASIS FOR RELIEF

13. Pursuant to 28 U.S.C. § 1334(a) and (b), federal district courts have original and exclusive jurisdiction of civil cases under Title 11 and original but not exclusive jurisdiction of proceedings arising under Title 11 or arising in or related to cases under Title 11. Pursuant to 28 U.S.C. § 157(a), district courts can refer these proceedings to the bankruptcy court within that district.

14. The United States District Court for the Northern District of Texas exercised the authority granted by § 157(a) and entered the Miscellaneous Order No. 33 ("**Order of Reference**"), referring all cases under Title 11 or proceedings arising in related to cases under Title 11 to the United States Bankruptcy Court for Northern District of Texas.

15. The District Court can withdraw the reference, in whole or in part, of any case or proceeding, on the District Court's own motion or on a timely motion of a party for cause 28 U.S.C. § 157(d)).

16. Cause is not defined, but can be established if withdrawal of the reference of the adversary proceeding:

> (a)  Promotes uniformity of bankruptcy administration.
> (b)  Reduces forum shopping.
> (c)  Fosters economic use of debtor and creditor resources.
> (d)  Expedites the bankruptcy process.
> (e)  Is requested timely.

See *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993), cert dismissed, 511 U.S. 1026 (1994); *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990); *Holber v. Portnoy (In re Portnoy)*, 2017 WL 3141186, at *2 (E.D. Pa. July 24, 2017).

17. Here, cause exists when analyzing the factors considered by courts. First, the Lawsuit is between two non-debtors and it will not ultimately impact the Debtor's bankruptcy estate. Markel's claims in the Lawsuit involve Origin's wrongful seizure of the Trust Funds to which Markel is the legal and equitable owner. Since the Trust Funds legally and equitably belong to Markel, the funds are not property of the Debtor's estate and will not affect the bankruptcy proceeding. Specifically, "property [that] the debtor [holds] in trust at the time of filing its bankruptcy petition is excluded from the bankruptcy estate … [and] courts generally hold that the debtor should turn the property over to the holder of the beneficial interest." *In re B.I. Fin. Servs. Group, Inc.*, 854 F.2d 351 (9th Cir. 1988) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n. 10 (1983)); *Beiger v. I.R.S.*, 496 U.S. 53, 59 (1990) ("Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate'"); see also *In re Coyne Elec. Contractors, Inc.*, 244 B.R. 245, 252 (Bankr. S.D.N.Y. 2000); *In re The IT Group, Inc.*, 326 B.R. 270, 274-75 (Bankr. D. Del. 2005). Further, even if the Trust Funds were arguably property of the estate, Origin swept the bank account prepetition so the Trust Funds would likely be unavailable to creditors.

18. Further, Origin may argue that the Lawsuit presents a core issue that should be heard by the Bankruptcy Court. However, the Lawsuit is between two non-debtors regarding funds, which pursuant to the case law above, are not a part of the bankruptcy estate. Further, pursuant § 1334 the District Court has authority to rule on the Lawsuit, even if it does concern core issues, which Markel represents that it does not. *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 766 (S.D. Tex. 2007) (stating that district courts have jurisdiction over any proceeding that relates to a pending bankruptcy case). Accordingly, even if this Court finds that the Lawsuit involves core issues that it could properly decide, the District Court is better suited to consider the Lawsuit based

on the lack of impact that the Lawsuit will ultimately have on the bankruptcy case. Thus, the first factor of uniformity of the bankruptcy administration weighs in favor of Markel.

19. In relation to the second factor, Origin is seeking to forum shop, not Markel, by removing the Lawsuit to the Bankruptcy Court when it does not involve the Debtor and will not ultimately impact the bankruptcy estate. Furthermore, Markel does not seek to remand the Lawsuit to the State Court, but instead, seeks for the adjudication of the merits of the Lawsuit to be heard and ruled upon by the District Court. Accordingly, the second factor weighs in favor of Markel because it is not seeking to forum shop by filing this Motion.

20. Moving to the third, fourth and fifth factors. Third, as discussed above, the Lawsuit is a non-debtor, third-party action involving non-estate assets that will not ultimately impact the economics of the Debtor's bankruptcy estate or impose an additional burden on the creditors' resources. As discussed above, even if the Trust Funds are arguably part of the estate, Origin seized the Trust Funds prepetition so they would likely not be available for distribution to creditors. Thus, the third factor weighs in favor of Markel. Fourth, the Lawsuit will require discovery and a full trial, which will likely span much longer than the typical time that is required to administer a chapter 7 debtor's bankruptcy estate, as the Debtor's bankruptcy case. Accordingly, the fourth factor weighs in favor of Markel because the withdrawal will allow the bankruptcy to progress without the burden of an unrelated litigation. Finally, pursuant to the applicable rules, the Motion is timely filed. Thus, the fifth factor weighs in favor of Markel.

21. In addition to the factors listed above, Local Bankruptcy Rule 5011-1 states that the following factors are to be considered when the Bankruptcy Court evaluates the merits of the Motion.

> (1) whether any response to the motion to withdraw the reference was filed; (2) whether a motion to stay the proceeding pending the district court's decision on the

motion to withdraw the reference has been filed, in which court the motion was filed, and the status (pending, granted or denied) of the motion; (3) whether the proceeding is core or non-core, or both and with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the bankruptcy judge; (4) whether a jury trial has been timely requested, and if so, whether the parties consent to the bankruptcy judge conducting a jury trial, and whether the district court is requested to designate the bankruptcy judge to conduct a jury trial; (5) if a jury trial has not been timely requested or if the proceeding does not involve a right to jury trial; (6) whether a scheduling order has been entered in the proceeding; (7) whether the parties are ready for trial; (8) whether the bankruptcy judge recommends that (A) the motion be granted, (B) the motion be granted upon certification by the bankruptcy judge that the parties are ready for trial, (C) the motion be granted but that pre-trial matters be referred to the bankruptcy judge, or (D) the motion be denied; and (9) any other matters relevant to the decision to withdraw the reference.

22. When the Bankruptcy Court evaluates these factors, Markel represents that the second, third, fourth, fifth and sixth factors weigh in favor of Markel, and that the first, seventh and eighth factors are either unknown at the time of filing this Motion or are neutral when considering the litigation of the Lawsuit in the District Court.

23. As to the factors weighing in favor, Markel intends to seek a stay in the Lawsuit pending the District Court's consideration of the Motion; even if Origin asserts that the matter involves core issues, the Lawsuit is more properly heard by the District Court since it involves a dispute between two non-debtors concerning non-estate property, as discussed above; Markel does intend to timely request a jury trial; and a scheduling order agreed to between Markel and the Debtor has not been entered[1].

24. Furthermore, the first and eighth factors are unknown at the time of filing this Motion and cannot be addressed by Markel. In relation to the seventh factor, Markel recognizes that courts may prefer to wait to grant a motion to withdraw the reference until the parties are ready for trial,

---

[1] Pursuant to Part II(1) of the *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [ECF No. 8], the Alternative Scheduling Order, discussed therein, is not effective until August 23, 2021.

but the Lawsuit involves two non-debtors concerning non-estate property so the Bankruptcy Court should not expend its resources to oversee the Lawsuit's discovery and pretrial process. Finally, Markel reiterates that pursuant to the case law discussed above, the Debtor does not have an interest in the Trust Funds so the estate will not ultimately be impacted by the Lawsuit.

25. The factors outlined above, cause exists to justify withdrawal of the reference and transfer to the District Court.

## V. CONCLUSION

For the reasons set forth above, Markel requests that this Court enter an order, granting the relief requested in the Motion, including withdrawing the reference of the Lawsuit to the Bankruptcy Court and transferring the Lawsuit to the District Court, and granting such other and further relief as the Court deems just and proper.

Dated: August 3, 2021

Respectfully,

/s/ Duane J. Brescia
Duane J. Brescia
Stephen A. Roberts
**CLARK HILL, PLC**
720 Brazos, Suite 700
Austin, TX 78701
(512) 499-3647 (direct)
dbrescia@clarkhill.com
sroberts@clarkhill.com

Christopher R. Ward
Phil W. Pemberton
Audrey L. Hornisher
**CLARK HILL, PLC**
901 Main Street, Suite 6000
Dallas, TX 75202
(214) 651-2056 (direct)
cward@clarkhill.com
ppemberton@clarkhill.com
ahornisher@clarkhill.com

**COUNSEL FOR MARKEL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 3, 2021, a true and correct copy of the foregoing pleading was served upon all parties who have consented to service via this Court's ECF System, and via U.S. mail to the parties listed below.

/s/ Duane J. Brescia
Duane J. Brescia

Penn C. Huston
phuston@mouerhuston.com
Jeffrey R. Elkin
jelkin@mouerhuston.com
MouerHuston PLLC
349 Heights Blvd.
Houston, TX 77007
Telephone (832) 410-4540
Facsimile (832) 209-8158

*Counsel for Origin Bancorp., Inc.*